475 F.2d 1287
 155 U.S.App.D.C. 18
 Thomas E. KEANE et al., Appellants,
v.
NATIONAL DEMOCRATIC PARTY et al.
Thomas E. KEANE
v.
NATIONAL DEMOCRATIC PARTY, et al., Appellants.
Thomas E. KEANE et al.
v.
NATIONAL DEMOCRATIC PARTY and William Cousins et al., Appellants.
 Nos. 72-1629 to 72-1631.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued July 4, 1972.
Decided Feb. 16, 1973.
 
 Before BAZELON, Chief Judge, FAHY, Senior Circuit Judge and MacKINNON, Circuit Judge.
 PER CURIAM:
 
 
 1
 On October 10, 1972, the Supreme Court, 409 U.S. 816, 93 S.Ct. 67, 34 L.Ed.2d 73, vacated the judgment of this court in this cause, 152 U.S. App.D.C. 157, 469 F.2d 563, and remanded the cause to this court to determine whether the case has become moot. Accordingly, the case is before us now (1) on the appeal of Keane et al., plaintiffs in the District Court, from the judgment of that court denying the declaratory and injunctive relief plaintiffs requested and dismissing their complaint, and (2) on the appeals of the National Democratic Party et al., defendants, and of intervenor-defendants, Cousins et al., from the judgment of the District Court denying the declaratory and injunctive relief sought in the counter-complaint filed by the defendants.
 
 
 2
 In the period intervening since the action of the District Court the 1972 Convention of the National Democratic Party, acting within its competence, seated at the Convention the delegation whose right thereto was contested by plaintiffs, Keane et al., in the District Court. Insofar as the complaint involved such right of representation the case thus became and is now moot.
 
 
 3
 Insofar as the complaint involves questions as to rights of the competing delegates to post-Convention representation in National Democratic Party matters, we think the case is not moot. This court being advised, however, that these questions are pending before the Credentials Committee of the National Committee of the Party, we find no equitable basis upon which the District Court or this court should now intervene by declaratory or injunctive relief.
 
 
 4
 Insofar as the case involves the request for injunctive or other relief sought by intervenor-defendants, Cousins et al., or previously though no longer sought by the National Democratic Party et al., defendants, we are also of the opinion that no exceptional circumstances appear to justify now the relief requested.
 
 
 5
 By reason of the foregoing, the judgment of the District Court dismissing the complaint and counter-complaint is affirmed.
 
 
 6
 MacKINNON, Circuit Judge, concurring in part and dissenting in part:
 
 
 7
 As I view the complaint it sought only the seating of the Keane delegates at the Democratic National Convention and that issue has been determined by the Supreme Court staying our judgment and by the subsequent action of the Democratic National Committee seating the anti-Keane delegation. I do not consider that this lawsuit involves questions as to the collateral consequences of that action or as to the actions taken by the Democratic Party subsequent to the adjournment of the convention.
 
 
 8
 However, I do not consider that the action is moot insofar as it seeks a declaration that "the Rules of the Democratic National Party violate the First, Fourteenth and Fifteenth Amendments to the U. S. Constitution and the Civil Rights Act of 1871." Complaint of Plaintiff at p. 13. In our earlier opinion, Brown v. O'Brien, 152 U.S.App.D.C. 157, 469 F.2d 563 (1972), we passed upon such issues to the extent necessary and upheld the constitutionality of Guideline C-6 sufficiently to decide that petitioners Keane, et al, were not entitled to be seated at the convention. While the Supreme Court thereafter vacated our judgment, Keane v. Nat. Democratic Party, 409 U.S. 816, 93 S.Ct. 67, 34 L.Ed.2d 73 (Oct. 10, 1972), the issue as to the constitutional validity of Guideline C-6 continues, is almost certain to recur and the timing of its likely reoccurrence close to our national presidential elections would make it evasive of review within the time available. Moore v. Ogilvie, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969). I would therefore renstate our judgment insofar as it upholds the constitutional validity of Guideline C-6.